IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 96-20333
Summary Calendar

ALLEN L. LAMAR, ET AL.,

                                        Plaintiffs,

                    versus

H. H. COFFIELD, Former Chairman TBC;
WALTER L. PFLUGER, Member Board of
Corrections; JAMES M. WINDHAM,
Member Board of Corrections;
LESTER BOYD, Member Board of
Corrections; WALTER M. MISCHER,
Member Board of Corrections;
DAVID D. ALLEN, Member Board
of Corrections; W. ERVIN JAMES,
Member Board of Corrections;
FRED W. SHIELD, Member Board of
Corrections; L. H. TRUE, Member
Board of Corrections;
GEORGE J. BETO, Dr., Director of
the Texas Department of Corrections,

                                        Defendants-Appellees,

ROBERT LEE MUDD,

                                        Movant-Appellant.
_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. CA-H-72-1393
_____

August 12, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except

Robert Lee Mudd, # 424596, appeals the district court's denial of his motion to intervene or, in the alternative, for relief from judgment. The Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(ii). We dismiss Mudd's appeal as frivolous, and warn him that future frivolous actions in the district court or in this court may result in his being unable to proceed in forma pauperis every again. See 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous . . . .").

Despite our dismissal of Mudd's frivolous claim, the PLRA requires that he pay the full filing fee of $105 for this appeal. Mudd was ordered to pay an initial filing fee of $50 and monthly installments of $12.50 were ordered deducted from his prison trust

_____

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

account.  Court records reflect that the initial $50 fee has not yet been paid.  Mudd is therefore ordered to pay the $50 fee to the district court immediately.

APPEAL DISMISSED.